RAFAEL ÁNGEL GONZÁLEZ GIUSTI ET AL., Petitioners and Appellants, *v.* RAFAEL A. BUSCAGLIA, TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 10965. Argued March 2, 1954.—Decided March 29, 1954.

*Córdova & González* and *Robert Schneider, Jr.,* for appellants. *José Trías Monge, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney General,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

José María González Cuyar died on April 4, 1946. On that same day the heirs of González took possession of the property left by the latter upon his death. The Treasurer of Puerto Rico, now Secretary of the Treasury, assessed the property in question and levied an inheritance tax pursuant to the tax rates fixed in Act No. 303, approved April 12, 1946 (Sess. Laws, p. 782), with retroactive application to March 22 of that year. The heirs of González, appellants herein, paid the tax imposed under protest and afterwards challenged in the former Tax Court, now Superior Court, the application to them of the tax rates under Act No. 303. Their contention was dismissed by that court.

Appellants herein maintain (1) that § 19 of Act No. 303 does not purport to make retroactive the application of the tax rates fixed by § 16 of that Act to transfers of property by inheritance, and (2) that if Act No. 303 had retroactive effect over transfers of property by inheritance, the Act would be unconstitutional for it would deprive appellants of their property without due process of law and deny to them the equal protection of the laws.

We disagree. By express provision of § 19, Act No. 303, approved April 12, 1946, is retroactive to March 22, 1946, on which date the bill which became law was introduced in the House of Representatives. Section 19 provides that the provisions of Act No. 303 shall apply *to all gifts*

*made* on and/or after March 22, 1946.[1] The term "gift," as employed in Act No. 303, includes "all transfers affected by inheritance, by will or intestacy." Section 1(*a*) of that Act. The term "recipient" means the person receiving a gift as defined in subsection (*a*), including heirs, legatees and successors in interest." Section 1(*b*). The term "donor" includes, in the case of property passing by inheritance, the decedent, whether the transfer be effected by will, by the laws of intestacy, or in accordance with the provisions of any deed or trust.[2]

In view of the above definitions, there can be no doubt that, for the purposes of Act No. 303, any transfer of property by inheritance, whether by will or by the laws of intestacy, is a gift. A like conclusion must be reached after examining the other provisions of that Act, particularly §§ 2, 3 and 4, which respectively levy the tax, fix the rates and establish certain exemptions. We cannot agree with appellants that the retroactive effect of Act No. 303 applies only to voluntary gifts. In providing that the provisions of the Act shall apply *to all gifts* made on and/or after the date of March 22, 1946, § 19 did not distinguish between one and the other class of gifts, and therefore included the transfer of property by inheritance. Appellants argue, however, that if § 18 were construed in this fashion, "then the amendment to § 2 of the Act of 1925 would operate to leave in force two different tax rates on all voluntary gifts—that fixed under § 3 of Act No. 303 and that levied on all gifts by § 2 of Act No. 99 of 1925"

---

[1] Section 19 of Act No. 303 provides as follows:

"Section 19.—This Act, being of an urgent and necessary character, shall take effect immediately after its approval; *Provided*, That a necessity and an emergency are hereby declared to exist, which make necessary that this Act have retroactive effect back to and from March 22, 1946, that is, the date on which the bill originating it was introduced in the House of Representatives of Puerto Rico, and, therefore, the provisions of this Act shall apply to all grants made on and/or after said date of March 22, 1946."

[2] Section 1 of Act No. 303 was amended by Act No. 103 of April 25, 1950 (Sess. Laws, p. 262) without altering the definition of these terms.

(Sess. Laws, p. 790). They are mistaken. Section 2 of Act No. 99 of 1925, as amended by Act No. 72 of 1936 (Sess. Laws, p. 370), fixed the tax rate to be levied "on all bequests, legacies, grants or inheritances . . . ," before the tax rates under Act No. 303 went into effect. Section 16 of Act No. 303 amended § 2 of Act No. 99 of 1925, the latter in turn having been amended by Act No. 72 of 1936. The purpose of that amendment was merely to exempt from tax the first $500 of any bequest, legacy, gift or inheritance in those cases where the predecessor in interest died after December 31, 1945 and on or before March 22, 1946. Since the tax rates under Act No. 303 took effect from and after the last-mentioned date, we find no basis for appellants argument that there would remain in force two different tax rates on voluntary gifts, if we uphold the retroactive application of Act No. 303 as respects the transfer of property by inheritance. The taxable event in appellants' case occurred subsequent to March 22, 1946, and, therefore, the application to them of the new tax rates under Act No. 303 is correct.

Neither do we agree with appellants that Act No. 303, in so far as it imposes retroactively higher tax rates on the transfer of property by inheritance, is unconstitutional. We have held on previous occasions that statutes imposing taxes retroactively are not invalid *per se,* and that a tax does not necessarily violate the due process of law because of its retroactive application. *Treasurer of Puerto Rico* v. *Tax Court; B. Suárez, Int.,* 74 P.R.R. 253; *Buscaglia, Treas.* v. *Tax Court; Grau, Int.,* 70 P.R.R. 432. In the *Grau* case we upheld precisely the constitutionality of Act No. 303 so far as it levies a gift tax upon donees retroactively to the day the bill was introduced in the House of Representatives, namely, March 22, 1946. We distinguished the *Grau* case from that of *Untermyer* v. *Anderson,* 276 U. S. 440, since in the latter case the retroactive tax was levied upon the donor and not upon the donee, as is the case under Act No. 303. We said in the *Grau* case that a donee would not refuse the gift

because he might be subject to the payment of an unexpected tax thereon, for whether or not the tax were imposed, he would still benefit by the gift, but that the situation might be different if the tax were paid by the donor, for had he foreseen that he was bound to pay the tax, perhaps he would not have been willing to make the gift.. And we added that since Act No. 303 does not impose the tax on the donor but on the donee, the latter cannot allege surprise because of the assessment of a tax on a gift which he, with or without the tax, would have accepted. Are the donees who receive the property by inheritance in a different position? We fail to see how any distinction can be made between them. The reasoning in the *Grau* case is likewise applicable to appellants. Act No. 303, which is applicable to them, is not uncorstitutional.

The judgment appealed from will be affirmed.